IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **PAULA PRATT-HILL and** <br> **JONATHAN TYLER,** ) <br>  Plaintiff, ) <br> ) | **Case No. _____** |
| v. ) | **JURY DEMANDED** |
| ) | |
| **HIGHLINE-WARREN, LLC,** ) <br> **A Delaware Corporation,** ) <br>  Defendant. ) | |

## COMPLAINT

1. Plaintiff, Paula Pratt-Hill ["Pratt-Hill"], is a resident of DeSoto County, Mississippi.

2. Plaintiff, Jonathan Tyler ["Tyler"], is a resident of DeSoto County, Mississippi.

3. Defendant, Highline-Warren, LLC ["Highline"], is a Delaware Corporation with its principal place of business located in Memphis, Tennessee. Its registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

4. This action is filed for unlawful employment discrimination pursuant to 42 U.S.C. § 1981, as amended; and the Tennessee Human Rights Act ["THRA"], TENN. CODE ANN. § 4-21-101, *et seq*. Each of the foregoing statutes provides in pertinent part that all employees should be protected from, *inter alia*, discrimination in employment and that all employees' interests in dignity and freedom from humiliation should be protected.

5. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Original Jurisdiction).

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) and (c).

1

7.    Defendant employs more than 500 employees.

8.    Highline is a manufacturer and distributor of automotive chemicals, lubricants, filters, parts, tools, and accessories. Its corporate and administrative office is located at 4500 Malone Road, Suite 1, Memphis, Tennessee 38118. Both Plaintiffs work for Highline's Memphis location.

9.    Pratt-Hill was hired by Highline on or about September 18, 2018, as Senior IT Business Analyst. Her current employment title is IT Project Manager. Pratt-Hill has been employed with the company for approximately five (5) years at the time of this Complaint.

10.    Pratt-Hill was recently promoted to Project Manager. Pratt-Hill, however, only received this promotion to Project Manager after she initiated a meeting with Ms. Katarina Swanson – Director of IT-BRM/PM – to complain about being passed over for promotions by less qualified, white employees. Pratt-Hill was promoted only after her white counterparts with less experience and tenure than she has already been promoted as a "reorganization."

11.    When Pratt-Hill finally received her well-deserved promotion, Defendant's management did not announce, nor did Patt-Hill receive an increase in salary. It is customary that employees receive an announcement with promotions.

12.    Later, Hill discovered Kathy McCraw ["Ms. McCraw"] – who is white – receives a total compensation package of $300,000.00 per year for project management services. Although the job duties of McCraw are practically identical to Pratt-Hill, Pratt Hill's salary is approximately $ $97,000.00. Notably, Ms. McCraw does not possess the same experience or education in the relevant field as Pratt-Hill.

13.    In 2020, Pratt-Hill and Tyler lodged a complaint with Human Resources regarding white employees treatment of Plaintiffs rising to the level of bullying.

14.

15. Tyler was hired by Defendant's company on or about May 20, 2019, and his current employment title is Electronic Data Interchange Coordinator. Tyler has been employed with the company for approximately four (4) years at the time of this Complaint.

16. In July 2022, Tyler became aware that his Caucasian co-workers were receiving promotions and raises. Tyler, who is more experienced than his co-workers and has excelled while working for Defendant, has not received any promotion or raise during his time with Defendant's company.

17. Tyler was not promoted into a lead role, and Ms. Anjeanette Yates ["Ms. Yates"] – who is white – was promoted instead. Ms. Yates had less tenure, less experience, and less achievements than Tyler at Defendant's company. Nevertheless, Defendant promoted her instead of Tyler.

18. Notably, Ms. Yates had worked for the company ten (10) months compared to Tyler's three (3) years when she was promoted.

19. Additionally, the promotion Ms. Yates received was for a brand-new role within the company. Per Defendant's past actions, new roles should have been advertised throughout the company so that individuals who want to apply may. This was not the case when Ms. Yates was promoted. The role was not advertised, instead it was simply bestowed upon Ms. Yates.

20. On or about September 2, 2022, Tyler and Pratt-Hill filed their respective Charges of Discrimination with the EEOC.

21. After Plaintiffs' EEOC charges were filed with the Commission, each Plaintiff began to be intimidated and harassed when their performance goals were changed the day before their performance reviews took place. This adversely affected their job security and promotional

opportunities in an attempt to force the Plaintiffs into quitting their jobs. Each Plaintiff received a lower performance rating than they would have received had their goals not been changed the day before the reviews.

22. Upon information and belief, the management within Highline was aware of the illegal treatment of their African American employees, yet chose to do nothing to remedy the situation or discipline the wrongdoers. Defendant's company has consistently made African American employees "prove their worth" before they can advance within the company.

23. Plaintiffs' lack of promotion or raises within Highline resulted from intentional discrimination against Plaintiffs based on their race (black).

24. Plaintiffs' have been subjected to a hostile work environment because of their race (black).

25. After Plaintiffs engaged in protected activity, Defendant's management retaliated against them.

26. Since their employment with Defendant's company commenced, Plaintiffs have each experienced a decline in their overall health, including, but not limited to, an increase in anxiety symptoms and elevated blood pressure, resulting in numerous physician visits.

27. Because Plaintiffs were passed over for promotions and raises, Plaintiffs are now suffering an on-going loss of wages.

28. As a direct and proximate result of the discriminatory acts set forth above, Plaintiffs have suffered the following injuries, including but not limited to:

    a. embarrassment;

    b. humiliation;

    c. loss of self-esteem;

      d. increased anxiety;

      e. damage of reputation;

      f. loss of concentration, and;

      g. sleeplessness.

29. The foregoing injuries set forth have been suffered and will continue to be suffered into the foreseeable future.

30. Plaintiffs should be made whole for all injuries and losses suffered by Plaintiffs as a proximate result of Defendant's unlawful acts.

31. Defendant has intentionally, willfully, and/or recklessly violated Plaintiffs' rights. An award of punitive damages is appropriate under the law.

## COUNT I

32. The allegations contained in paragraphs 1 through 30 are incorporated by reference into this Count I.

33. The THRA, TENN. CODE ANN. § 4-21-401, *et seq.*, states in pertinent part that all employees should be protected from, *inter alia*, discrimination and that all employees' interests in dignity and freedom from humiliation should be protected.

34. Defendant's failure to promote and/or award raises was based on each Plaintiffs' race (black) in violation of THRA.

35. Accordingly, Plaintiffs are entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, attorney's fees and expenses. In addition, Plaintiffs are entitled to promotions or future compensation based on comparable job duties and pay similar to Ms. McCraw.

## COUNT II

36. The allegations contained in paragraphs 1 through 30 are incorporated by reference into this Count II.

37. 42 U.S.C. § 1981, as amended, states in pertinent part that all employees should be protected from, *inter alia*, discrimination that all employees' interests in dignity and freedom from humiliation should be protected.

38. Defendant's failure to promote and/or award raises was based on each Plaintiffs' race (black) in violation of 42 U.S.C. § 1981, as amended.

39. Accordingly, Plaintiffs are entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, attorney's fees and expenses. In addition, Plaintiffs are entitled to promotions or future compensation based on comparable job duties and pay as Ms. McCraw. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiffs' federally protected rights, Plaintiffs are entitled to an award of punitive damages against Defendant.

## COUNT III

40. The allegations contained in paragraphs 1 through 30 are incorporated by reference into this Count III.

41. Plaintiffs engaged in protected activity by making Defendant's management aware of the discriminatory practices inundating Defendant's work culture.

42. In response, Defendant took adverse employment actions against Plaintiffs in violation of the anti-retaliation provisions in 42 U.S.C. § 1981.

43. Accordingly, Plaintiffs are entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, attorney's fees and expenses. In addition, Plaintiffs are entitled to promotions or future compensation based on comparable job

duties and pay as Ms. McCraw. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiffs' federally protected rights, Plaintiffs are entitled to an award of punitive damages against Defendant.

## COUNT IV

44. The allegations contained in paragraphs 1 through 30 are incorporated by reference into this Count IV.

45. Plaintiffs engaged in protected activity by making Defendant's management aware of the discriminatory practices inundating Defendant's work culture.

46. In response, Defendant took adverse employment actions against Plaintiffs in violation of the anti-retaliation provisions in THRA.

47. Accordingly, Plaintiffs are entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, attorney's fees and expenses. In addition, Plaintiffs are entitled to promotions or future compensation based on comparable job duties and pay as Ms. McCraw.

## COUNT V

48. The allegations contained in paragraphs 1 through 30 are incorporated by reference into this Count V.

49. Plaintiffs were subjected to a hostile work environment based on their race (black) in violation of THRA.

50. Accordingly, Plaintiffs are entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, attorney's fees and expenses. In addition, Plaintiffs are entitled to promotions or future compensation based on comparable job duties and pay as Ms. McCraw.

## COUNT VI

1. The allegations contained in paragraphs 1 through 36 are incorporated by reference into this Count VI.

2. Federal law, specifically 42 U.S.C. § 1981, as amended, states in pertinent part that all employees should be protected from, *inter alia*, *inter alia*, discrimination and that all employees' interests in dignity and freedom from humiliation should be protected.

3. Plaintiffs were subjected to a hostile work environment based on their race (black) in violation of 42 U.S.C. § 1981, as amended.

4. Accordingly, Plaintiffs are entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, attorney's fees and expenses. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiffs' federally protected rights, Plaintiffs are entitled to an award of punitive damages against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that:

1. The Court order Defendant to rescind all adverse employment actions taken against Plaintiffs.

2. The Court order Defendant to make Plaintiffs whole for all lost wages and fringe benefits, back pay, loss of earning capacity, front pay, and emotional distress relating to Defendant's wrongful acts of discrimination.

3. The Court order Defendant to pay prejudgment interest, tax gross-up, costs, and attorneys' fees.

4. The Court award Plaintiffs all equitable relief and injunctive relief as may be appropriate including back pay and benefits and front pay.

5. The Court award Plaintiffs punitive damages.

6. The Court grant Plaintiffs all other relief to which they are entitled.

7. Plaintiffs demand a jury trial.

Respectfully submitted,

/s/ Alexandria R. Scott
Ralph T. Gibson (BPR #14861)
Alexandria R. Scott (BPR #39464)
GIBSON PERRYMAN LAW FIRM
*Attorneys for Plaintiffs*
5100 Poplar Avenue, Suite 2117
Memphis, Tennessee 38137
(901) 526-0412
Ralph@GibsonPerryman.com
Alex@GibsonPerryman.com