## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| PAULA PRATT-HILL and ) | |
| JONATHAN TYLER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02560 |
| ) | JURY DEMANDED |
| HIGHLINE WARREN LLC, ) | CHIEF JUDGE LIPMAN |
| ) | MAGISTRATE CLAXTON |
| ) | |
| Defendant. ) | |

### ANSWER OF HIGHLINE WARREN LLC

COMES NOW, Defendant Highline Warren LLC (hereafter "Highline Warren" or "Defendant"), by and through counsel, and responds to the allegations of Plaintiffs Paula Pratt-Hill and Jonathan Tyler (hereafter "Plaintiffs" or "Pratt-Hill" and "Tyler" respectively) and asserts its affirmative defenses in the numbered paragraphs as follows:

1. Responding to Paragraph 1 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

2. Responding to Paragraph 2 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

3. Responding to Paragraph 3 of the Complaint, Defendant admits it is a Delaware entity, however Defendant denies it is a Delaware corporation. Defendant Highline Warren is a Limited Liability Company. Defendant admits it has a principal place of business in Memphis, Tennessee, and additionally admits its registered agent for service of process in Tennessee is CT Corporation

System, 300 Montvue Road, Knoxville, Tennessee 37919-5546. Defendant denies all remaining allegations.

4. Responding to Paragraph 4 of the Complaint, Plaintiff makes statements of law to which no response is required. Defendant denies any allegations contained within Paragraph 4.

5. Responding to Paragraph 5 of the Complaint, Defendant admits this Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331. Defendant denies all remaining allegations.

6. Responding to Paragraph 6 of the Complaint, Defendant admits venue is proper pursuant to 28 U.S.C. §1391(b) and (c). Defendant denies all remaining allegations.

7. Responding to Paragraph 7 of the Complaint, Defendant admits Highline Warren employs more than 500 employees. Defendant denies all remaining allegations.

8. Responding to Paragraph 8 of the Complaint, Defendant Highline Warren admits it is a manufacturer and distributor of automotive chemicals, lubricants, filters, parts, tools, and accessories. Defendant Highline Warren additionally admits it has a principal office located at 4500 Malone Road, Memphis, Tennessee 38118. Defendant Highline Warren admits it employs Plaintiffs Pratt-Hill and Tyler. Defendant denies all remaining allegations.

9. Responding to Paragraph 9 of the Complaint, Defendant admits Plaintiff Pratt-Hill was hired on or about September 17, 2018, as a Senior Business Analyst. Defendant admits Plaintiff Pratt-Hill's current title is Project Manager. Defendant denies all remaining allegations.

10. Responding to Paragraph 10 of the Complaint, Defendant denies all allegations.

11. Responding to Paragraph 11 of the Complaint, Defendant denies all allegations.

12. Responding to Paragraph 12 of the Complaint, Defendant denies all allegations. Defendant does not and has never employed Ms. McCraw. Ms. McCraw is engaged through a third-party vendor that determines her terms and conditions of employment.

13.     Responding to Paragraph 13 of the Complaint, Defendant admits Plaintiffs submitted separate complaints to Highline Warren in 2020 which were fully investigated by Highline Warren. Defendant denies all remaining allegations.

14.     Responding to Paragraph 14 of the Complaint, Plaintiff does not make a statement. Defendant denies any allegations contained in Paragraph 14, if any.

15.     Responding to Paragraph 15 of the Complaint, Defendant admits Plaintiff Tyler was hired on or about May 20, 2019. Defendant admits Plaintiff Tyler's current position is EDI Coordinator. Defendant denies any remaining allegations.

16.     Responding to Paragraph 16 of the Complaint, Defendant denies all allegations.

17.     Responding to Paragraph 17 of the Complaint, Defendant denies all allegations.

18.     Responding to Paragraph 18 of the Complaint, Defendant denies all allegations.

19.     Responding to Paragraph 19 of the Complaint, Defendant denies all allegations.

20.     Responding to Paragraph 20 of the Complaint, Defendant admits Plaintiffs filed Charges of Discrimination with the EEOC on or about September 2, 2022. Defendant denies any remaining allegations.

21.     Responding to Paragraph 21 of the Complaint, Defendant denies all allegations.

22.     Responding to Paragraph 22 of the Complaint, Defendant denies all allegations.

23.     Responding to Paragraph 23 of the Complaint, Defendant denies all allegations.

24.     Responding to Paragraph 24 of the Complaint, Defendant denies all allegations.

25.     Responding to Paragraph 25 of the Complaint, Defendant denies all allegations.

26.     Responding to Paragraph 26 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same. Strict proof is demanded.

27. Responding to Paragraph 27 of the Complaint, Defendant denies all allegations.

28. Responding to Paragraph 28 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

29. Responding to Paragraph 29 of the Complaint, Highline Warren is without information or knowledge sufficient to form a belief as to the truth of the allegations.

30. Responding to Paragraph 30 of the Complaint, Defendant denies all allegations.

31. Responding to Paragraph 31 of the Complaint, Defendant denies all allegations.

32. Responding to Paragraph 32 of the Complaint, Paragraph 32 is an incorporation paragraph to which no response is required. Defendant Highline Warren incorporates all prior paragraphs and responses as if fully alleged herein.

33. Responding to Paragraph 33 of the Complaint, the allegations are statements of law to which no response is required. To the extent a response is required, the allegations are denied.

34. Responding to Paragraph 34 of the Complaint, Defendant denies all allegations.

35. Responding to Paragraph 35 of the Complaint, Defendant denies Plaintiffs are entitled to any relief.

36. Responding to Paragraph 36 of the Complaint, Paragraph 36 is an incorporation paragraph to which no response is required. Defendant Highline Warren incorporates all prior paragraphs and responses as if fully alleged herein.

37. Responding to Paragraph 37 of the Complaint, the allegations are statements of law to which no response is required. To the extent a response is required, the allegations are denied.

38. Responding to Paragraph 38 of the Complaint, Defendant denies all allegations.

39. Responding to Paragraph 39 of the Complaint, Defendant denies Plaintiffs are entitled to any relief.

40.     Responding to Paragraph 40 of the Complaint, Paragraph 40 is an incorporation paragraph to which no response is required. Defendant Highline Warren incorporates all prior paragraphs and responses as if fully alleged herein.

41.     Responding to Paragraph 41 of the Complaint, Defendant denies all allegations.

42.     Responding to Paragraph 42 of the Complaint, Defendant denies all allegations.

43.     Responding to Paragraph 43 of the Complaint, Defendant denies Plaintiffs are entitled to any relief.

44.     Responding to Paragraph 44 of the Complaint, Paragraph 44 is an incorporation paragraph to which no response is required. Defendant Highline Warren incorporates all prior paragraphs and responses as if fully alleged herein.

45.     Responding to Paragraph 45 of the Complaint, Defendant denies all allegations.

46.     Responding to Paragraph 46 of the Complaint, Defendant denies all allegations.

47.     Responding to Paragraph 47 of the Complaint, Defendant denies Plaintiffs are entitled to any relief.

48.     Responding to Paragraph 48 of the Complaint, Paragraph 48 is an incorporation paragraph to which no response is required. Defendant Highline Warren incorporates all prior paragraphs and responses as if fully alleged herein.

49.     Responding to Paragraph 49 of the Complaint, Defendant denies all allegations.

50.     Responding to Paragraph 50 of the Complaint, Defendant denies Plaintiffs are entitled to any relief.

1.      Responding to Paragraph 1 of Count VI of the Complaint, Paragraph 1 of Count VI is an incorporation paragraph to which no response is required. Defendant Highline Warren incorporates all prior paragraphs and responses as if fully alleged herein.

2.      Responding to Paragraph 2 of Count VI of the Complaint, the allegations are statements of law to which no response is required. To the extent a response is required, the allegations are denied.

3.      Responding to Paragraph 3 of Count VI of the Complaint, Defendant denies all allegations.

4.      Responding to Paragraph 4 of Count VI of the Complaint, Defendant denies Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

Responding to RELIEF REQUESTED of Plaintiffs' Complaint, Defendant Highline Warren denies Plaintiffs are entitled to any relief. Highline Warren denies the allegations set forth in Plaintiffs' Prayer for Relief, immediately following Paragraph 4 of Count IV of the Complaint.

Highline Warren prays that this Court will enter judgment in its favor and against Plaintiffs.

## GENERAL DENIAL

Highline Warren denies all allegations not specifically admitted herein.

## JURY DEMAND

Highline Warren admits that Plaintiffs demand a trial by jury. Highline Warren also demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as defenses or affirmative defenses, Highline Warren does not concede that each of the matters covered by the numbered defenses is to be proven by Highline Warren, and Highline Warren reserves its position that Plaintiffs bear the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish their alleged damages.

Defendant Highline Warren alleges, avers, and affirmatively pleads as follows:

## FIRST DEFENSE

The Complaint and each of the separate counts set forth therein fail to state a claim upon which relief may be granted, and should be dismissed.

## SECOND DEFENSE

Plaintiffs' damages, if any, were caused by the acts and failure to act of persons and entities other than Defendant.

## THIRD DEFENSE

Plaintiffs' damages, if any, were caused by Plaintiffs' acts, failures, or negligence.

## FOURTH DEFENSE

Defendant's actions were performed in good faith and without malice or discriminatory intent.

## FIFTH DEFENSE

Plaintiffs suffered no injuries or damages as a result of the conduct of Defendant.

## SIXTH DEFENSE

All of Defendant's acts were performed fairly and for a lawful purpose, and its conduct was in compliance with its obligations under applicable law.

## SEVENTH DEFENSE

Some or all of the damages sought by Plaintiffs are not available under the law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own bad faith.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

If Plaintiffs were damaged as alleged in the Complaint, or at all, they failed to mitigate their alleged damages and any recovery herein shall be barred or, accordingly, reduced to the extent that such damages were not mitigated.

## TWELFTH DEFENSE

Highline Warren's actions did not involve an enumerated activity under 42 U.S.C. §1981. Specifically, there was no activity relating to the making or enforcement of a contract between Highline Warren and either Plaintiff, without which relief is not available under 42 U.S.C. §1981.

## THIRTEENTH DEFENSE

Each and every act or statement done or made by Defendant Highline Warren and its officers, employees, or agents with reference to the matters at issue, was a good faith assertion of its rights and obligations, and therefore, was privileged or justified.

## FOURTEENTH DEFENSE

Any and all decisions made and actions taken by Defendant Highline Warren and/or on Defendant Highline Warren's behalf were made and taken in the exercise of proper managerial discretion and in good faith for reasons unrelated to Plaintiffs and for valid business reasons.

## FIFTEENTH DEFENSE

Any and all claims for punitive damages set forth in the Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution.

## SIXTEENTH DEFENSE

Given the facts underlying this dispute, any award of punitive or exemplary damages to

Plaintiffs would violate Defendant Highline Warrens' rights to procedural due process and to substantive due process as provided by the Fifth and the Fourteenth Amendments to the Constitution of the United States.

### SEVENTEENTH DEFENSE

Defendant's conduct and treatment of Plaintiffs were based on legitimate, non-discriminatory and non-retaliatory reasons that were unrelated to Plaintiffs' alleged assertion of rights under the Tennessee Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, or alleged complaints of discrimination. In the alternative, if any action taken by Defendant was motivated in part by discrimination and/or retaliation, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

### EIGHTEENTH DEFENSE

Even if Plaintiffs could show that an unlawful factor played a role in a decision impacting their employment, which Defendant denies, Defendant would have made the same decision with respect to Plaintiffs' employment without consideration of such unlawful factor.

### NINTEENTH DEFENSE

Defendant is not liable for punitive damages because it at all times made a good faith effort to comply with Section 1981 and all applicable federal civil rights laws. Any actions taken by Defendant regarding Plaintiffs were taken in good faith, in accordance with its internal policies against discrimination and/or retaliation and applicable laws, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiffs' protected rights. Defendant therefore did not willfully violate any law with respect to its treatment of Plaintiffs, thereby negating Plaintiffs' entitlement to punitive damages. To the extent that Plaintiff cannot prove actual or punitive damages, he can only recover nominal damages. Moreover, the imposition of punitive

damages would violate the Due Process provisions of the United States Constitution.

## TWENTIETH DEFENSE

Compensatory and punitive damages are limited by amounts authorized by Title VII, THRA and 42 USC §1981, and no facts have been asserted that would support any claim for punitive damages.

## TWENTY-FIRST DEFENSE

Defendant Highline Warren alleges it exercised reasonable care to prevent and promptly correct discrimination and harassment against Plaintiffs, if any, and that Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to otherwise avoid the harm.

## TWENTY-SECOND DEFENSE

Plaintiffs failed to exhaust administrative remedies prior to filing the instant lawsuit.

## TWENTY-THIRD DEFENSE

Highline Warren asserts that at all times it acted in good faith with regard to all aspects of Plaintiffs' employment, and made all of its decisions relating to Plaintiff Tyler and Plaintiff Pratt-Hill's employment in a nondiscriminatory manner.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs have failed to satisfy the statutory and/or jurisdictional prerequisites to suit and/or to the extent the Plaintiffs seek to base their claims on events occurring outside the applicable statute of limitations. The allegations in this affirmative defense may have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

**TWENTY-FIFTH DEFENSE**

Defendant Highline Warren states that any and all employment decisions made regarding Plaintiffs were predicated solely upon nondiscriminatory, legitimate business reasons having no relation whatsoever to the race of either Plaintiff Tyler or Plaintiff Pratt-Hill.

**TWENTY-SIXTH DEFENSE**

Should Defendant Highline Warren be found liable for any of Plaintiffs' claims, Plaintiffs' recovery shall be limited or obviated by the after-acquired evidence doctrine.

**TWENTY-SEVENTH DEFENSE**

Some or all of the damages sought by Plaintiffs are not available under 42 U.S.C. §1981.

**TWENTY-EIGHTH DEFENSE**

Defendant Highline Warren reserves the right to amend this Answer with additional defenses that may be developed through the course of discovery and investigation.

WHEREFORE, Highline Warren respectfully requests this Court:

(a)   dismiss Plaintiffs' Complaint with prejudice;

(b)   award judgment in favor of Defendant and tax all costs and attorneys' fees against Plaintiffs;

(c)   deny the relief requested by Plaintiffs; and

(d)   for all such other and further relief as this Court deems just and proper.

DATED:   October 16, 2023.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

   /s/ Heather M. Gwinn
Heather M. Gwinn, BPR 25931
Desireé J. C. Goff, BPR 31136
Gordon Rees Scully Mansukhani, LLP
4031 Aspen Grove Dr. Suite 290
Franklin, TN 37067
Telephone: (615) 772-9000
hgwinn@grsm.com
dgoff@grsm.com

*Attorneys for Defendant Highline Warren LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2023, a copy of the foregoing Answer for Highline Warren LLC was filed electronically with a true and correct copy of the foregoing document forwarded by the CM/ECF system to:

Alexandria R. Scott, Esq.
Ralph T. Gibson, Esq.
Gibson Perryman Law Firm
5100 Poplar Avenue, Suite 2117
(901) 526-0412
Ralph@GibsonPerryman.com
Alex@GibsonPerryman.com
*Attorneys for Plaintiff*

Signed: /s/ Ginger Fox
Gordon Rees Scully Mansukhani, LLP