IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAULA PRATT-HILL and, <br> JONATHAN TYLER ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HIGHLINE-WARREN, LLC, ) <br> A Delaware Corporation, ) <br>     Defendant. ) | Case No. 2:23-cv-02560-SHL-cgc <br> JURY TRIAL DEMANDED |

**PLAINTIFFS' RULE 26 INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

COMES NOW Plaintiffs, Paula Pratt-Hill and Jonathan Tyler, by and through their counsel of record, and provide the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Plaintiffs have not fully completed preparation for trial in this action. The information contained herein and any documents identified, described, or produced are based only upon information presently available to Plaintiffs and is given in a good faith effort to comply with Rule 26(a)(1). These Initial Disclosures are therefore made without prejudice to Plaintiffs' rights to produce, pursuant to the Federal Rules of Civil Procedure, any information that may subsequently be discovered or determined to be relevant to the subject matter of this action. These Initial Disclosures should not be construed as prejudicing or in any way limiting Plaintiffs with respect to further discovery, research, analysis, or proof.

Each of the following Initial Disclosures are made subject to any and all objections, including, but not limited to, competency, relevancy, propriety, admissibility, or any other grounds

1

that would require their exclusion in any proceeding. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial. Plaintiffs generally assert the attorney-client and work-product privilege as to any and all relevant documents that may exist and are subject to these privileges. To the extent any such Initial Disclosure contains or refers to matters otherwise protected from discovery by the work-product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters that are or may be subject to such protection or otherwise privileged; nor is the relevancy of any such matter conceded.

Except for the explicit facts stated herein, no incidental or implied admissions are intended. Plaintiffs has submitted these Initial Disclosures solely in compliance with Rule 26(a)(1), and these Initial Disclosures are solely for the purpose of and in relation to this action.

## INITIAL DISCLOSURES

1.  Provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information."

All listed individuals work or worked for Defendant.

| Individual | Relevant Information |
|---|---|
| Paula Pratt-Hill, Plaintiff | |
| Jonathan Tyler, Plaintiff | |
| Colleen Wolf, Chief Information Officer | She was informed by other management regarding the discriminatory actions taken against Plaintiff, and she is in charge of the promotions. |
| Katarina Swanson, Director of BRM, PMO, EDI | She is on several recordings discussing the discrimination Plaintiffs were subjected to by Defendant. Plaintiffs' formal complaints were given to her. Also, she has intimate knowledge of Ms. McCraw's compensation package. |

| Joshua Rainwater, Client Technologies Manager | He has knowledge of Plaintiff Pratt-Hill's attempts to change her email signature following her title change. |
|---|---|
| Anjeanette Yates, EDI Lead | She was promoted instead of Plaintiff Tyler. |
| Kathy McCraw, IT Program/Project Manager | She is a direct comparator to Plaintiff Pratt-Hill. |
| Mary Grodsky, Project Manager | She is a direct comparator to Plaintiff Pratt-Hill. |
| Robby Tucker, VP Finance | He subjected Plaintiff Pratt-Hill to harassment, and Plaintiff Pratt-Hill filed an EEOC charge against him. |
| Amy Roche, HR | She has knowledge of the complaints Plaintiffs made to HR regarding the discrimination. |
| Angie Jolly, EDI Manager | She was promoted in the EDI department. |
| Sam Phillips, Business Relationship Manager | She was promoted in the BRM/EDI department. |
| Doyle Ritcher, Accounting Manager | He was promoted in the finance department. |
| Michelle Gartland Clay | She was reprimanded for harassing Plaintiffs. |
| Brad Moreschi, CFO | He is aware of the discriminatory actions taken against Plaintiffs by Defendant. |
| Ray Clark, IT Manager | He is a witness to Plaintiffs' discriminatory treatment. |
| David Willis, VP IT | Plaintiff Tyler's previous direct supervisor who is aware of the discriminatory actions taken by Defendant. |
| Raven Ayotte, Customer Service Representative | She provided an email outlining discriminatory actions taken against Plaintiff Tyler. |

Plaintiffs specifically reserve the right to utilize witnesses who are later identified as having discoverable information relevant to this matter and to disclose them by amended Initial Disclosures, Interrogatory Responses, Responses to Requests for Production of Documents and other written discovery, written correspondence, or deposition testimony.

2. Provide "a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings." Those documents relevant to disputed facts are listed below.

a. Any and all personnel files of those listed in the witness disclosure, *supra*.

b. Any and all documents relating to rules followed by Defendant in hiring, disciplining, and terminating employees.

c. Any and all documents related to both Plaintiffs' EEOC charges.

d. Any and all documents identified by Plaintiffs and Defendant in any pleadings, discovery documents, disclosures, depositions, or any other filings in this case.

The above documents are located at the office where Plaintiffs work and/or the offices of Gibson Perryman Law Firm. Plaintiffs reserve the right to amend and/or supplement their disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, if and when any further documents, data compilations, and/or tangible things become know to them.

3. Provide "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

a. Plaintiff Paula Pratt-Hill

i. Plaintiff Pratt-Hill has received a salary of approximately $95,000.00 since September 18, 2018.

ii. Plaintiff Pratt-Hill's white comparator, Kathy McCraw, receives a total compensation package of approximately $300,000.00.

      iii.      Plaintiff Pratt-Hill's total back pay claim as of filing these disclosures is approximately $1,025,000.00.

      iv.      Plaintiff Pratt-Hill's total front pay claim as of filing these disclosures is $3,280,000.00. She wishes to work to the age of 70, which is the date of the maximum amount of Social Security, and she is currently 54 years old.

b.      Plaintiff Tyler

      i.      Plaintiff Tyler received a salary of approximately $78,000.00 when he was hired on April 26, 2019.

      ii.      Plaintiff Tyler's white comparator, Anjeanette Yates, was hired with a starting salary of $90,000.00 in September of 2021.

      iii.      Plaintiff Tyler received a promotion to $83,000.00 in late 2021.

      iv.      Ms. Yates received a promotion in July of 2022 to which her salary was increased to approximately $110,000.00.

      v.      Plaintiff Tyler's total back pay claim as of filing these disclosures is approximately $64,500.00.

      vi.      Plaintiff Tyler's total front pay claim as of filing these disclosures is $810,000.00. He wishes to work to the age of 70, which is the date of the maximum amount of Social Security, and he is currently 40 years old.

c.      Plaintiffs contend they would be entitled to the statutory cap for compensatory damages available under Title VII.

d.      Plaintiffs are also entitled to an award of attorney's fees and expenses, tax true up, and pre-judgment interest.

e.      Because of Defendant's reckless disregard for Plaintiffs' federally protected rights,

Plaintiffs are entitled to an award of punitive damages against Defendant.

Respectfully submitted,

/s/ Alexandria R. Scott
Ralph T. Gibson, (BPR #14861)
Alexandria R. Scott (BPR #39464)
GIBSON PERRYMAN LAW FIRM
5100 Poplar Avenue, Suite 2117
Memphis, Tennessee 38137
901.526.0412
Ralph@GibsonPerryman.com
Alex@GibsonPerryman.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was emailed to Defendant's counsel today, December 4, 2023.

/s/ Alexandria R. Scott
Alexandria R. Scott
