IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAULA PRATT-HILL and JONATHAN TYLER, </br>　　Plaintiffs, </br>v. </br></br> HIGHLINE WARREN LLC, </br>　　Defendant. | ) ) ) ) ) ) ) ) ) ) )   No. 2:23-cv-02560-SHL-cgc |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE OR IN THE ALTERNATIVE PLACE UNDER SEAL**

Before the Court is Defendant Highline Warren LLC's Motion to Strike or in the Alternative Place Under Seal (ECF No. 59) and accompanying Memorandum of Law (ECF No. 60), both filed September 25, 2024. On October 7, 2024, Plaintiffs responded. (ECF No. 62.) Because striking the filings in question is inappropriate, as is placing them under seal, the Motion is **DENIED**.

In their Memorandum of Law, Defendant argues that Plaintiffs filed multiple deposition transcripts and, in doing so, failed to abide by a September 18, 2024 Court "Courtesy Notice," Electronic Case Filing (ECF) Policies and Procedures Rules 7.2 and 7.3, and ECF Attorney User Manual Rule 14. (ECF No. 60 at PageID 1324–25.) In response, Plaintiffs argues that Defendant misinterprets the Courtesy Notice and that they did not violate ECF rules or policies. (ECF No. 62 at PageID 1344–47.) Of note, Plaintiffs do not oppose redacting personal information, although they take a different position as to what falls in that category. (Id. at PageID 1347.)

Filing documents appropriately, in accordance with Court rules, is important to maintaining the judicial process. At the same time, motions to strike filings are disfavored and infrequently granted. See Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted). This Court respects the "long-established legal tradition of the presumptive right of the public to inspect and copy judicial documents and files." Kondash v. Kia Motors Am., Inc., 767 F. App'x 635, 637 (6th Cir. 2019) (internal quotation marks omitted). This openness allows the public "to assess for itself the merits of judicial decisions." Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016). Although documents should sometimes be sealed, the proponent of sealing, and thus preventing access, must overcome a heavy burden. See Grose v. City of Bartlett, No. 20-cv-2307-TLP-cgc, 2023 WL 6373936, at *1 (W.D. Tenn. Mar. 13, 2023) (internal citations omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." Lipman v. Budish, 974 F.3d 726, 752 (6th Cir. 2020) (internal citations and quotation marks omitted).

Here, Defendant seeks relief based on the importance of redactions and the Court's Courtesy Notice, which includes discussions of ECF protocols and the Federal Rule of Civil Procedure 5. These arguments are addressed below.

First, if a transcript is filed, the Court Reporter submitting the transcript must have completed all requested redactions. R. 7.3. The E-Government Act of 2002 guides redactions. Id. The inclusion of personal information in filings does not always mandate redactions—for instance, the Act itself does not specifically require the redaction of addresses or taxpayer identification information. See E–GOVERNMENT ACT OF 2002, Pub. L. No. 107–347, 116 Stat. 2899.

Other considerations also make redacting personal information unnecessary. Because most people's home addresses appear in publicly available records, "its mere publication, without more, cannot be viewed as an invasion of privacy." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1218–19 (10th Cir. 2007) (internal citation omitted); see also Bennett v. U.S. Dep't of Army, No. 87-1870, 1988 U.S. App. LEXIS 3290, at *2 (6th Cir. Mar. 15, 1988) (finding that "the disclosure of [a party's] name and home address is not an actionable invasion of a cognizable right to privacy"). Defendant has not alleged that public disclosure of deponents' addresses would create safety concerns. Federal Rule of Civil Procedure 5.2, which addresses "Privacy Protection for Filings Made with the Court," does not mandate the redactions of addresses. And Defendant has not demonstrated why these personal addresses should be excluded here.

Unlike home addresses, however, taxpayer identification information must be redacted. See Fenton v. W. Clinic, PLLC, No. 2:21-cv-02790-SHL-tmp, 2023 WL 4409114, at *1 (W.D. Tenn. July 7, 2023) (citing Fed. R. Civ. P. 5.2(a)). Defendant contests the inclusion of tax identification numbers, specifically the numbers included in non-party independent contractor Kathy McCraw's W2 and the 1099 from OlsonSmith Solutions, LLC. (ECF No. 60 at PageID 1324.) Yet Plaintiffs already redacted this information in their filing, so no further relief is necessary. (ECF No. 43-2.)

Defendant also asserts that Plaintiffs violated ECF Attorney User Manual 14 by failing to submit the contested filings as attachments to a main document. (ECF No. 60 at PageID 1324–25.) ECF Attorney User Manual Rule 14 addresses the process of filing attachments and exhibits electronically. Because the depositions in contention were filed on their own (rather than as attachments or exhibits), this Rule does not apply.

Additionally, Defendant argues that Plaintiffs disregarded ECF Policies and Procedures Rules 7.2 and 7.3 by filing complete depositions instead of exhibits. (ECF No. 60 at PageID 1324–25.) ECF Policies and Procedures Rule 7.2 requires that e-filers only file documents "directly pertinent" to the litigation at hand. ECF Policies and Procedures Rule 7.3 does not require deposition transcripts to be filed—but it does not penalize filers for submitting more than what may be necessary.[1] Thus, although Plaintiffs were not required to file these original depositions, they did not violate the scope of the ECF Policies and Procedures when doing so.

Further, Defendant contends that Plaintiffs disregarded a Court Courtesy Notice (ECF No. 60 at PageID 1324) requesting that Parties (1) refer to the ECF User Manual and ECF Policies and Procedures when filing; (2) label appropriately; and (3) generally reference Federal Rule of Civil Procedure 5 when filing (ECF No. 47). First, Plaintiffs abided by the ECF User Manual and ECF Policies and Procedures when filing their depositions, as just discussed. Second, after the reminder from the Court, Plaintiffs properly labeled the submissions on the electronic-filing system. (See ECF Nos. 43–46, 48–54.)

As for Federal Rule of Civil Procedure Rule 5, Plaintiffs followed this rule. Per Rule 5, when a party is represented by an attorney, that attorney must generally submit filings. Fed. R. Civ. P. 5(d)(3)(A). Attorneys must properly sign the filings, Fed. R. Civ. P. 5(d)(3)(C), and properly serve them on the parties, Fed. R. Civ. P. 5(a)–(c). Attorneys can generally serve electronic filings via a court's electronic-filing system. Fed. R. Civ. P. 5(b)(2)(E).

Here, Plaintiffs' attorneys electronically filed and signed each contested filing. (ECF Nos. 43–46, 48–54.) All of the filings also included certificates of service, confirming that all

---

[1] Rule 7.3 also relates to redactions. As discussed earlier, Plaintiffs conformed with proper protocol regarding redactions when submitting their filings.

parties received the documents via the Court's ECF system.  (Id.)  Plaintiffs' attorneys filed these depositions in accordance with Rule 5 and, therefore, within the scope of the Courtesy Notice.

Defendant failed to demonstrate a compelling reason for striking Plaintiffs' deposition filings or for placing them under seal.  Therefore, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED,** this 10th day of October, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE